**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **IN Re:** | * | |
| | * | |
| **Q-C RIDGLEY, LLC,** | * | **Case No.: 06-17365-RG** |
| | * | **(Chapter 11)** |
| **Debtor.** | * | |
| | * | |
| | * | |
| **BALTIMORE COUNTY SAVINGS BANK, FSB** | * | |
| **4111 E. Joppa Road** | * | |
| **Baltimore, Maryland 21236,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Adv. Proc. No.: _____________** |
| | * | |
| **MARTIN DUBROV** | * | |
| **1829 Reisterstown Road, Suite 380** | * | |
| **Baltimore, Maryland 21208,** | * | |
| | * | |
| **and** | * | |
| | * | |
| **WILLIAM FOREMAN** | * | |
| **1829 Reisterstown Road, Suite 380** | * | |
| **Baltimore, Maryland 21208,** | * | |
| | * | |
| **and** | * | |
| | * | |
| **ANNE LOUISE PERLOW** | * | |
| **1829 Reisterstown Road, Suite 380** | * | |
| **Baltimore, Maryland 21208,** | * | |
| | * | |
| **and** | * | |
| | * | |
| **DAVID R. NAKA, Trustee** | * | |
| **1829 Reisterstown Road, Suite 380** | * | |
| **Baltimore, Maryland 21208,** | * | |
| | * | |
| **and** | * | |
| | * | |
| **WILSON H. OLDHOUSER, III, Trustee** | * | |
| **1829 Reisterstown Road, Suite 380** | * | |
| **Baltimore, Maryland 21208,** | * | |

**and** *
*
**Q-C RIDGLEY, LLC** *
**7 West Ridgley Road** *
**Lutherville, Maryland 21093,** *
*
**SERVE: Resident Agent:** *
**James P. Quillen, Jr.** *
**110 Old Padonia Road** *
**Suite L C** *
**Hunt Valley, MD 21030,** *
*
**Defendants.** *

---

## COMPLAINT

COMES NOW the Plaintiff, Baltimore County Savings Bank, FSB, by its undersigned counsel, and sues the Defendants, Martin Dubrov, William Foreman, Anne Louise Perlow, David R. Naka, Trustee, Wilson H. Oldhouser, III, Trustee and Q-C Ridgely, LLC, and as reasons therefor, states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K).

## THE PARTIES

4. The Plaintiff is a federal savings bank organized and existing pursuant to the laws of the United States of America.

5. The Defendants, Martin Dubrov, William Foreman, Anne Louise Perlow, David R. Naka and Wilson H. Oldhouser, III are, on information and belief, adult residents of the State of Maryland.

6. The Defendant, Q-C Ridgley, LLC ("Q-C Ridgley"), is a limited liability company organized and existing pursuant to the laws of the State of Maryland. Q-C Ridgley filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 16, 2006.

## FACTUAL ALLEGATIONS

7. By deed dated August 25, 2003, American Radiology Services, Inc., identified as a Maryland corporation, conveyed title to Q-C Ridgley to all that parcel of land lying in the State of Maryland, County of Baltimore and better known as 7 West Ridgley Road, Lutherville, Maryland 21093 (the "Property"). The deed was recorded in Liber 18712 at folio 294, among the Land Records for Baltimore County, Maryland.

8. On August 26, 2003, Q-C Ridgley executed a Guaranty of an indebtedness evidenced by a Promissory Note made by 7 West Ridgley LLC to the order of Mercantile Safe-Deposit and Trust Company in the original principal amount of $2,200,000.00, the performance under such Guaranty being secured by an Indemnity Deed of Trust and Assignment of Leases and Rents encumbering the Property dated August 26, 2003 and recorded in Liber 18712 at folio 229, *et seq*. among the aforesaid Land Records, a copy of which is appended hereto as **Exhibit 1** and prayed to be read as a part hereof (the "Mercantile IDOT").

9. On March 30, 2004, the Plaintiff made a loan to QD Tartae, LLC, a Maryland limited liability company in the original principal amount of $2,480,000.00 to refinance the indebtedness secured by the Mercantile IDOT, the repayment of which was guaranteed by Q-C Ridgley and secured by an Indemnity Deed of Trust granted by Q-C Ridgley encumbering the Property dated March 30, 2004 and recorded April 13, 2004 in Liber 19880 at folio 630 *et seq*.

among the aforesaid Land Records, a copy of which is appended hereto as **Exhibit 2** and prayed to be read as a part hereof (the "Baltimore Savings IDOT").

10. That the Baltimore Savings IDOT was to constitute a first and prior encumbrance on the Property.

11. As a result of default in the payment of the indebtedness secured by the Baltimore Savings IDOT, the Plaintiff caused the title to the Property to be examined in anticipation of selling the Property at a foreclosure sale pursuant to the power of sale contained in the Baltimore Savings IDOT.

12. Upon receiving a title abstract, the Plaintiff discovered the existence of an Indemnity Deed of Trust, Security Agreement and Assignment of Contracts, Leases and Rents encumbering the property dated February 13, 2004 and recorded February 20, 2004 in Liber 19635 at folio 131 among the aforesaid Land Records, granted by Q-C Ridgley to the Defendants, David R. Naka and Wilson H. Oldhouser, III as trustees, to secure Martin Dubrov, William Foreman and Anne Louise Perlow in the original principal amount of $300,000.00, a copy of which is appended hereto as **Exhibit 3** and prayed to be read as a part hereof (the "Intervening IDOT").

13. In addition, the Plaintiff discovered that the repayment of the indebtedness was further secured by an Absolute Assignment of Leases and Rents granted by Q-C Ridgley to Milton Dubrov, William Foreman and Anne Louise Perlow dated February 13, 2004 and recorded February 20, 2004 in Liber 19635 at folio 155, *et seq.* among the aforesaid Land Records, a copy of which is appended hereto as **Exhibit 4** and prayed to be read as a part hereof (the "Intervening Assignment").

14. The loan secured by the Baltimore Savings IDOT was made without the actual knowledge of the Plaintiff and on March 30, 2004, James P. Quillen, Jr., as President of Q-C Enterprises, Inc., the managing member of Q-C Triple Net Properties, LLC which is the sole member of Q-C Ridgely, executed a Commercial Loan Statement and Affidavit, under oath, averring that the Baltimore Savings IDOT was a "First Indemnity Deed of Trust" encumbering the Property. A copy of the Commercial Loan Statement and Affidavit is appended hereto as **Exhibit 5** and prayed to be read as a part hereof.

15. Employing the proceeds of the loan secured by the Baltimore Savings IDOT, the settlement agent conducting the closing of such refinance loan paid and fully retired the remaining unpaid indebtedness secured by the Mercantile IDOT in the amount of $2,208,249.86.

16. By virtue of the doctrine of equitable subrogation, the Plaintiff is entitled to priority in payment over the indebtedness secured by the Intervening IDOT and the Intervening Assignment to the extent of $2,208,249.86, together with interest thereon at the applicable rate from and after March 31, 2004 to the date of repayment.

WHEREFORE, the Plaintiff prays that this Court enter an Order granting to the Plaintiff: (1) priority to the indebtedness secured by the Baltimore Savings IDOT over the indebtedness secured by the Intervening IDOT and the Intervening Assignment to the extent of $2,208,249.86, together with interest thereon from March 31, 2004 at the applicable rate; and

(2) such other and further relief as may be lawful and proper.

Dated: November 29, 2006.

Respectfully submitted,

/s/ Richard L. Costella
G. VANN CANADA, JR.
Fed. Bar No.: 02147
RICHARD L. COSTELLA
Fed. Bar No.: 14095
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
Telephone (301) 762-1600

*Attorneys for Baltimore County Savings Bank, FSB*